## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:09-242 |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| TERRENCE A. VALKO, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

### I.    SYNOPSIS

This matter comes before the Court on the Defendant's Motion for Summary Judgment Against Plaintiff (Doc. No. 34) (the "Defendant's Motion") and the Plaintiff's Motion for Summary Judgment (Doc. No. 35) (the "Plaintiff's Motion"). Neither party has filed an opposition to the other party's Motion for Summary Judgment. For the reasons that follow, the Plaintiff's Motion for Summary Judgment is **GRANTED**, and the Defendant's Motion for Summary Judgment is **DENIED**.

### II.    JURISDICTION AND VENUE

The Court's jurisdiction has been invoked pursuant to 28 U.S.C. § 1345. Venue is proper under 28 U.S.C. § 1391(b) because the Defendant resides in Altoona, Pennsylvania.

### III.    PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of an attempt by the Plaintiff to collect on student loans taken out by the Defendant. The Plaintiff is the holder of nine promissory notes, which were executed by Defendant between 1980 and 1985. Doc. No. 37 at 2; Doc. Nos. 1, 1-3. At the time of filing on September 10, 2009, principal, interest and administrative costs were $98,128.11, with interest accruing daily at the

rate of $9.44 per day. Doc. No. 1. Defendant filed his "Motion for Summary Judgment Against Plaintiff" (Doc. No. 34) on November 30, 2010. Plaintiff filed its "Motion for Summary Judgment" (Doc. No. 35), its "Concise Statement of Material Facts" (Doc. No. 36), and its supporting "Memorandum of Law in Support" (Doc. No. 37) on November 30, 2010.

## IV.  STANDARD OF REVIEW

### A. SUMMARY JUDGMENT

Summary judgment may only be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); see *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005); citing *Debiec v. Caot Corp.*, 352 F.3d 117, 128 n. 3 (3d Cir. 2003). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.* Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment against a party is appropriate where that party fails to make a sufficient showing of an element for which that party will bear the burden of proof at trial, and which is an essential element of that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating the evidence, the Court must interpret the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Township*, 478 F.3d 144, 147 (3d Cir. 2007); see also *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 126 (3d Cir. 1994); citing *Oritani Sav. And Loan Ass'n v. Fidelity and Deposit Co.*, 989 F.2d 635, 637 (3d Cir. 1993). The burden is initially on the moving party to demonstrate that the evidence contained in the record does *not* create a genuine issue of material fact. *Conoshenti v. Public Service Electric & Gas*

*Co.*, 364 F.3d 135, 140 (3d Cir. 2004). See also *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 125-126 (3d Cir. 1994); citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-32 (1986).

Once the moving party satisfies its burden that the record contains no genuine issue of material fact, the burden shifts to the non-moving party, who must go beyond his or her pleadings by the use of affidavits, depositions, admissions or answers to interrogatories, in order to demonstrate that there *is* a genuine issue of material fact for trial. *Id.* at 324. In attempting to do so, the non-moving party cannot defeat a well-supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

Where the non-movant has failed to oppose the motion for summary judgment, a court "may only grant the motion for summary judgment 'if appropriate'. . . 'the Court will accept as true all material facts set forth by the moving party with appropriate record support.' [*internal citation omitted*]. Even if a record contains facts that might provide support for a non-movant's position, 'the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment.'" *United States of America v. Tammy F. Considine*, 2008 U.S. Dist. LEXIS 86238 (D. N.J. 2008); citing and quoting *Carp v. IRS*, No. 00-5992, 2002 U.S. Dist. LEXIS 2921, 2002 WL 373448, at *2 (D.M.J. 2002); also citing and quoting *Morris v. Orman*, No. 87-5149, 1989 U.S. Dist. LEXIS 1876, 1989 WL 17549, at *8 (E.D. Pa. 1989); in turn citing *Childers v. Joseph*, 842 F.2d 689 (3rd Cir. 1988); also citing *Atkinson v. City of Phila.*, No. 99-1541, 2000 U.S. Dist. LEXIS 8500, 2000 WL 793193, at *5, n. 8 (E.D. Pa. 2000); also citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

## V.    DISCUSSION/ARGUMENTS

Plaintiff argues "[t]here is no genuine dispute that Defendant had executed the promissory notes and that he has defaulted in payment of the same.  Thus, Plaintiff respectfully recommends it has met its burden of proving a lack of material facts in dispute. . . . there is no real dispute that the United States Department of Education is the owner and holder of the promissory notes by virtue of payment of the claim to the guaranty agency and the assignment of the loan, and that Defendant is in default.  In his Answer Defendant asserts nothing more than bare denials as to these facts." Doc. No. 37 at 4.

Defendant has not filed a memorandum of law supporting his Motion for Summary Judgment; however, Defendant's Motion contains a section entitled "CSMF", which the Court interprets as his required Concise Statement of Material Facts, and also contains a section entitled "Motion for Summary Judgment."  Doc. No. 34.  Although Defendant has cited no caselaw/authority, he has submitted twenty-one numbered sentences which appear to be his own conclusions of law, and/or facts.  These conclusions of law and/or fact are all either erroneous, unsupported or irrelevant to the case at hand.[1]  However, the Third Circuit has noted that "a non-moving party may not rest upon 'mere allegations, general denieals' or 'vague statements.'" *United States of America v. Kirk S. Stanfield*, 2001 U.S. Dist. LEXIS 5548 (E.D. Pa. 2001); quoting *Trap Rock Indus. V. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992).

It has been well established that where the Government seeks to collect on student loan debt, in the form of promissory notes on which the borrower has defaulted, the Government must show: "'the defendant signed [the promissory note]; (2) the government is the present holder [of the promissory

---

[1]   For example, most of Defendant's sentences seem to be tangentially related to the case, but immaterial.  For instance, numbered sentences 13 and 14 read as follows: "13. Parent and co-signer Arthur Valko died in July, 1989. 14. Parent and co-signer Dorothy (Haines) Valko died in March, 2000." Defendant has provided no explanation as to why these facts might be at all relevant to the claim that he has defaulted on his student loan obligations.  The late Mr. & Mrs. Valko's obligations are not at issue in the instant case and have no impact on either summary judgment motion.

note]; and (3) the note is in default.'" *United States of America v. Marqus Hamwright*, 2008 U.S. Dist. LEXIS 62473 (D. N.J. 2008); citing and quoting *United States v. Hargrove*, No. 06-1059, 2007 U.S. Dist. LEXIS 70396, *9 (W.D. Pa. 2007); in turn citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); see also *United States of America v. Tammy F. Considine*, 2008 U.S. Dist. LEXIS 86238, *6 (D. N.J. 2008). As in the case of *Hargrove*, we find that in the instant case the Government has met this burden by providing the Court with copies of the signed promissory notes and records indicating that the notes are owned by the Government and are in default. *Hargrove* at *6. The Defendant in the instant case does not deny signing the promissory notes, receiving the funds, or even that he defaulted on the notes. Rather, Defendant argues that the Government's attempt to collect on the debt is untimely, exceeding the statute of limitations (which he does not even identify), and coming at an inconvenient time for him because he "is in a worse financial position now, than at the time the claim should have been brought." Doc. 34 at 4.

The Plaintiff is incorrect in his unsupported conclusions regarding a statute of limitations that would serve to release him from his student loan obligations. As this District has previously explained in response to this argument,

> 20 U.S.C. § 1091a, as amended by Congress in 1991, expressly eliminates all statute of limitation defenses for Government collection of student loans. The stated purpose of Section 1091a is 'to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.' 20 U.S.C. § 1091a(a)(1). The statute further states that 'no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by . . . the Attorney General.' 20 U.S.C. § 1091a(a)(2). Courts have universally interpreted Section 1091a as retroactively abrogating all statute of limitation defenses in student loan collection cases.

*United States v. Hargrove*, 2007 U.S. Dist. LEXIS 70396, *9-*10 (W.D. Pa. 2007); citing *United States v. Distefano*, 279 F.3d 1241, 1243-44 (10th Cir. 2002); *Millard v. United Student Aid Funds,*

*Inc.*, 66 F.3d 252, 253 (9th Cir 1995); *United States v. Glockson*, 998 F.2d 896, 897 (11th Cir. 1993).

As to Defendant's complaints that his monetary situation ten or fifteen years ago would have made it easier for him to defend a suit and/or pay his outstanding loans, we note that a plaintiff is not required to bring a lawsuit at a time convenient to a defendant. The defendant in *Hargrove*, supra, also argued the hardship caused by passage of time, but also argued further hardship in that witnesses that he said would have proved the loan had been paid were now dead, and the bank that would have held records offering proof of such payment was out of business. *Hargrove* at *11. Nonetheless, the Western District Court in *Hargrove* found that while "the circumstances certainly make it harder for Defendant to defend against Plaintiff's suit, they are not significantly distinguishable from the facts of other cases where Section 1091a was found to abrogate any statute of limitation defenses." *Hargrove* at *11; citing *United States v. Lawrence*, 276 F.3d 193, 195-96 (5th Cir. 2001); also citing *United States v. Distefano*, 279 F.3d, 1241, 1243-44 (10th Cir. 2002).

Further, "Section 1091a has also been interpreted as eliminating any laches defense. [*internal citations omitted*]. Courts, including those in the Third Circuit, have routinely followed this approach." *Hargrove* at *12; citing *Lawrence*, supra, at 196; also citing *United States v. Tuerk*, No. 05-CV-06088, 2007 U.S. Dist. LEXIS 20845, 2007 WL 916866, at *2 (E.D. Pa. 2007); also citing *Johnson v. United States Dep't of Educ.*, No. Civ. A 05-0237, 2005 U.S. Dist. LEXIS 20289, 2005 WL 2266109, at *3 (W.D. Pa. 2005); also citing *United States v. Robbins*, 819 F. Supp. 672, 676 (E.D. Mich. 1993); also citing *Hamilton v. United States*, No. 2:03-CV-669, 2005 U.S. Dist. LEXIS 24051, 2005 WL 2671373, at *4 (S.D. Ohio 2005).

The record clearly shows that Defendant signed all nine promissory notes, that the Government currently holds all nine promissory notes, and that all nine promissory notes are in default. The Defendant does not contest any of these facts. In addition, no evidence on the record supports, and the

Defendant does not contest, the principal claimed by the Plaintiff to be owed, and the interest due. Accordingly, the Government is entitled to judgment as a matter of law, in the amount of $104,726.67,[2] plus additional interest that accumulates from this day forward until that sum is paid.

## VI.  CONCLUSION

Therefore, Plaintiff's Motion for Summary Judgment (Doc. No. 35) is **GRANTED** and Defendant's Motion for Summary Judgment (Doc. No. 34) is **DENIED**.  An appropriate order follows.

---

[2] This figure is made up of the $98,128.11 due at the time the complaint was filed, plus interest of $9.44 per day, calculated from the day of filing to the present day. See Doc. No. 1.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    )
      )
      Plaintiff,    )
      )   CIVIL ACTION NO. 3:09-242
    v.    )   JUDGE KIM R. GIBSON
      )
TERRENCE A. VALKO,    )
      )
      )
      )
      Defendant.    )

## ORDER

**AND NOW**, this 9th day of August, 2011, this matter coming before the Court on Defendant's Motion for Summary Judgment Against Plaintiff (Doc. No. 34) (the "Defendant's Motion") and Plaintiff's Motion for Summary Judgment (Doc. No. 35) (the "Plaintiff's Motion"), **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. No. 35) is **GRANTED**, and Defendant's Motion for Summary Judgment (Doc. No. 34) is **DENIED**. Judgment is hereby entered in favor of Plaintiff against Defendant in the amount of $104,726.67,[3] plus additional interest that accumulates from this day forward until the sum is paid.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

---

[3] This figure is made up of the $98,128.11 due at the time the complaint was filed, plus interest of $9.44 per day, calculated from the day of filing to the present day. <u>See</u> Doc. No. 1.